**NORTHERN TIER SOLID WASTE AUTHORITY, d/b/a Bradford County Landfill, McKean County Solid Waste Authority, Clinton County Solid Waste Authority, d/b/a Wayne Township Landfill, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Department of Revenue; Larry P. Williams, Secretary of the Department of Revenue; Commonwealth of Pennsylvania, Department of Environmental Protection; David Hess, Secretary of the Department of Environmental Protection; Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 1, 2003.

Decided June 6, 2003.

Charles E. Gutshall, Harrisburg, for petitioners.

Linda S. Lloyd, Harrisburg, for respondents.

Before: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

In this Court's original jurisdiction, three municipal solid waste authorities challenge the solid waste disposal fee authorized in Section 2 of Act 2002–90,[1] a statute recently added to the codified environmental resources laws. The Respondents, the Commonwealth of Pennsylvania, the Department of Revenue and its Secretary, and the Department of Environmental Protection and its Secretary (Respondents), filed preliminary objections to several counts, which are presently before us. We overrule preliminary objections to Count I and Count V, concluding that a claim is stated for possible statutory exemption from tax, and a claim is stated for possible unconstitutional impairment of existing contracts.

Northern Tier Solid Waste Authority, d/b/a Bradford County Landfill, McKean County Solid Waste Authority, and Clinton County Solid Waste Authority, d/b/a Wayne Township Landfill (Authorities) allege they are solid waste authorities under the Municipality Authorities Act, 53 Pa. C.S. §§ 5601–5622 (Authorities Act). The Authorities accept municipal solid waste, residual waste and construction and demolition waste for disposal at their facilities. Petition ¶¶ 4–6. Authorities aver the $4.00/ton disposal fee is a tax. Petition ¶¶ 11–17. They further aver that their facilities and operations are protected from tax by the Authorities Act, 53 Pa.C.S. § 5620. Petition ¶ 18.

In addition, Authorities aver they have existing contracts with haulers and generators of waste that specifically set prices, pursuant to prior negotiations, for the disposal of waste at their respective facilities. Some of the existing contracts are with state agencies which have taken the position that the $4.00/ton tax cannot be passed along to them. Petition ¶ 21. Authorities also aver that they are not able to pass through the $4.00/ton tax to all of

---

1. 27 Pa.C.S. §§ 4101–4113, 6201–6306.

their customers including those from out-of-state, Commonwealth agencies and entities with which contracts are in place. Petition ¶ 75. Authorities contend Article 1, Section 10 of the United States Constitution and Article 1, Section 17 of the Pennsylvania Constitution, protect them from interference with contractual rights.

Respondents filed preliminary objections in the nature of demurrers. First, Respondents challenge whether Authorities state a claim under Count I for statutory exemption from tax. Second, Respondents challenge whether Count V states a claim for constitutional violations.[2]

■ In reviewing preliminary objections in the nature of a demurrer, we must accept as true all well pled facts, that are material and relevant, as well as all inferences reasonably deducible therefrom. *Cohen v. City of Philadelphia,* 806 A.2d 905 (Pa.Cmwlth.2002). In deciding whether to sustain a demurrer, this Court is not required to accept as true legal conclusions, unwarranted factual inferences, allegations that constitute argument or mere opinion. *Id.* Moreover, a demurrer will not be sustained unless the court finds that on the face of a complaint the law will not allow recovery; furthermore, any doubts are to be resolved against sustaining the demurrer. *Id.*

### I.  Count I

■ Respondents raise two arguments in support of their demurrer to Count I. First, they contend the Authorities Act does not apply to a disposal fee on municipal waste. Second, they argue that nothing in the Authorities Act bars the General Assembly from imposing a new tax on municipal authorities.

**2.**  Preliminary objections were also raised as to Count II (Fourth to Eighth Class County Assessment Law), but Authorities withdrew this count from their petition.

The former Municipality Authorities Act of 1945[3] was repealed by the Act of June 19, 2001, P.L. 287, and reenacted in codified form. As codified, 53 Pa.C.S. § 5620 is entitled "Exemption from taxation and payments in lieu of taxes." It provides in pertinent part (with emphasis added):

The effectuation of the authorized purposes of authorities created under this chapter shall be for the benefit of the people of this Commonwealth, for the increase of their commerce and prosperity and for the improvement of their health and living conditions. *Since authorities will be performing essential governmental functions in effectuating these purposes, authorities shall not be required to pay taxes or assessments upon property acquired or used by them for such purposes.* Whenever in excess of 10% of the land area of any political subdivision in a sixth, seventh or eighth class county has been taken for a waterworks, water supply works or water distribution system having a source of water within a political subdivision which is not provided with water service by the authority, in lieu of such taxes or special assessments the authority may agree to make payments in the county to the taxing authorities of any or all of the political subdivisions where any land has been taken. The bonds issued by any authority, their transfer and the income from the bonds, including any profits made on their sale, shall be free from taxation within the Commonwealth.

The purpose and intent of the Authorities Act is "to benefit the people of the Commonwealth by, among other things, increasing their commerce, health, safety

**3.**  Act of May 2, 1945, P.L. 382.

and prosperity...." 53 Pa.C.S. § 5607(b)(2), (3). Consistent with this purpose and intent, an authority's permitted projects include:

(7) Facilities and equipment for the collection, removal or disposal of ashes, garbage, rubbish and other refuse materials by incineration, landfill or other methods.

53 Pa.C.S. § 5607(a)(7).

The express language of the Authorities Act exempts from taxation property acquired or used by municipal authorities in performing essential governmental functions, including functions "for the benefit of the people of this Commonwealth, for the increase of their commerce and prosperity and for the improvement of their health and living conditions." 53 Pa.C.S. § 5620. Thus, property acquired or used by municipal authorities for the improvement of health and living conditions of the people of this Commonwealth is exempt from taxation.

Authorities aver they accept waste for disposal. The parties disagree as to whether the waste accepted for disposal is "property acquired or used" by the Authorities for the improvement of health and living conditions of the people of this Commonwealth, and therefore exempt from taxation.

The Authorities Act defines neither the word "property" nor the phrase "acquired and used." Under these circumstances, words and phrases shall be construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903. "Property" as a common law-concept is the right of any person to possess, use, enjoy and dispose of a thing. *Willcox v. Penn Mut. Life Ins. Co.*, 357 Pa. 581, 55 A.2d 521 (1947). The word is also defined to include "something owned or possessed." *Merriam–Webster's Collegiate Dictionary* 933 (10th ed.2001).

It cannot be doubted that the waste accepted for disposal by Authorities is comprised of things which they possess and of which they may dispose. Consequently, the waste can be property.

The context within which the express tax exemption appears is also helpful in construing the phrase "acquired and used." *See Bertera's Hopewell Foodland, Inc. v. Masters*, 428 Pa. 20, 236 A.2d 197 (1967). The Authorities Act intends to benefit Pennsylvania citizens by, among other things, improving their health and living conditions. Authorities are specifically permitted to purchase and operate facilities and equipment for collection or disposal of rubbish and other refuse materials by landfill. There can be no reasonable dispute that proper collection and disposal of waste is an essential government function which benefits Pennsylvania citizens. Things used by authorities in this process are exempted from taxation so as to immunize an essential government function from the burden of taxation and thereby preserve the efficiency of the function.

Insofar as the acceptance and proper disposal of waste enhances the health and living conditions of Pennsylvania citizens, Authorities state a claim for statutory tax exemption for things used in that function.

Respondents' alternative argument is that the General Assembly implicitly modified the tax exemption in the Authorities Act by enacting the solid waste disposal fee. However, Pennsylvania law is clear that property acquired or used by an authority does not lose its tax exemption "unless a statute clearly and unequivocally expresses the legislative will that such property shall not be immune." *Southwest Delaware County Mun. Auth. v. Aston Township*, 413 Pa. 526, 531, 198 A.2d 867, 871 (1964) (citations omitted).

Instructive is the case of *Commonwealth v. Pure Oil Co.*, 303 Pa. 112, 154 A. 307 (1931). In *Pure Oil*, the city of Philadelphia purchased gasoline from Pure Oil but refused to pay a liquid fuels tax. The Commonwealth argued, as Respondents do here, that the liquid fuels tax implicitly authorized the taxation of municipalities for this limited purpose. *Id.* at 115–16, 154 A. at 308. Our Supreme Court, speaking through Mr. Justice Simpson, rejected this argument and held:

> We have many times said that while the state may, by a general statute, tax subordinate governmental agencies in matters affecting the performance of their governmental duties, the presumption is that this was not intended, and nothing short of an expressed or necessarily implied purpose to tax them will suffice to make them liable therefore. The Legislature knew for it was bound to know, of our oft-repeated statement to that effect; hence its failure to express its intention to impose the tax, in the act under consideration, can only mean that it did not intend to impose it under the circumstances stated. That the presumption is as above expressed, so clearly appears in a number of cases . . . and is so well known, that it is not necessary to quote from them.

*Id.* at 117–18, 154 A. at 309 (citations omitted)(emphasis added).

For the purpose of resolving the preliminary objections, Authorities state a claim for statutory exemption from taxation on things used by them to improve the living conditions of Pennsylvania citizens. Respondents fail to show a clear intent on the part of the legislature to overcome the statutory exemption. Accordingly, demurrer to Count I is overruled.

## II. Count V

■ Count V of the petition for review asserts that the Authorities' rights to unimpaired contracts under Article I, Section 10 of the United States Constitution and Article I, Section 17 of the Pennsylvania Constitution are violated by the disposal fee.[4] Relying on *Heller v. Depuy*, 2 Pa. Cmwlth. 196, 277 A.2d 849 (1971), Respondents contend that a new tax does not create a constitutionally infirm impairment on existing contracts because every contract is presumed made with knowledge that rights thereunder may be taxed by the sovereign.

The *Heller* court addressed a challenge similar to that raised by Authorities here, which involved the statutory tax exemption in the Authorities Act of 1945. In *Heller*, the General Assembly imposed a real estate tax on public utilities, including municipal authorities which provided public utility services. Among other arguments raised in a challenge to the tax, the municipal authorities contended the tax unconstitutionally impaired their contracts with their bond holders. This Court rejected the argument on several grounds. However, the Court noted:

> If there were no provisions for the Authority to increase its water rates to cover increased costs of operation, one of which is taxes, then there might be some merit to the argument that Act No. 66 somehow impaired contract rights; but clearly, Section 4.01 of the Trust Indenture and the Municipality Authorities Act of 1945 . . . give the authority the power to adjust its water rates to recover any tax which might be levied against the property, or the operations, or the revenues of the corporate-

---

4. Article 1, Section 17 of the Pennsylvania Constitution provides, in relevant part, that no law impairing the obligation of contracts shall be passed. Article I, Section 10 of the United States Constitution contains a similar prohibition.

plaintiff. With all of these protections provided, there can be no impairment of contract rights between the bondholders and this Water Authority.

*Heller*, 277 A.2d at 861 (*en banc*)(emphasis added). Thus, we acknowledged a claim for unconstitutional impairment of contracts might exist where the weight of a new tax could not be passed on to others, but remained on the shoulders of the municipal authority.

In this case, Authorities averred:

¶ 75. Plaintiffs are not able to pass through the $4.00/ton tax to all of their customers including those from out-of-state, Commonwealth agencies and entities with which contracts are in place.

Accepting these well pled averments as true, as we must for present purposes, Authorities arguably state a claim for unconstitutional impairment of certain contracts. Whether Authorities can ultimately muster proof to support this claim is a matter that we do not currently address.

For the foregoing reasons, Respondents' preliminary objections in the nature of demurrers are overruled. Respondents shall file answers.

## ORDER

AND NOW, this 6th day of June, 2003, preliminary objections to Counts I and V of the petition for review are overruled. Respondents shall file answers within 30 days of the date of this order.

DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent to that portion of the majority's opinion overruling the preliminary objections filed by the Commonwealth of Pennsylvania, Department of Revenue (Department) *et al*[1] to Count V in the petition for review filed by Northern Tier Solid Waste Authority, d/b/a Bradford County Landfill, McKean County Solid Waste Authority, and Clinton County Solid Waste Authority, d/b/a Wayne Township Landfill (the Authorities) because the Authorities' claim under Count V does fail to state a claim upon which relief may be granted.

The Authorities filed a petition for review in this Court's original jurisdiction challenging the solid waste disposal fee of $4.00/ton as authorized in Section 2 of Act 2002–90, 27 Pa.C.S. §§ 4202–4113, 6201–6306 (Act 90). They alleged that they accept waste for disposal at their facilities, and that the disposal fee is a tax, but that some of the existing contracts they have are with state agencies who have taken the position that the tax cannot be passed through to them. The Authorities alleged in Count V that the tax impedes the existing contracts in violation of Article I, Section 10 of the United States Constitution and Article I, Section 17 of the Pennsylvania Constitution, which both provide that no law impairing the obligation of contracts shall be passed. The Department filed preliminary objections in the nature of a demurrer arguing that Count V failed to state a claim upon which relief could be granted because any prior contractual obligations remained intact despite the subsequent imposition of a tax.

The majority overrules the Department's preliminary objection to Count V finding that the Authorities state a claim for unconstitutional impairment of certain contracts based on their averment that they are unable to pass through the tax to all of their customers with whom they have contracts. The majority acknowledged that this Court's holding in *Heller v. De-*

---

1. Also named as petitioners were Larry P. Williams, Secretary of the Department; the Department of Environmental Protection (DEP), and David Hess, Secretary of the DEP.

*puy,* 2 Pa.Cmwlth. 196, 277 A.2d 849 (1971), which addressed a similar situation, is to the contrary, but relies upon our statement that a claim for unconstitutional impairment of contracts might exist where the weight of a new tax cannot be passed on to others but remains on the shoulders of the municipal authority. I disagree that the Authorities state a claim because not only was that statement in *Heller dicta,* the United States Supreme Court has held that there is no impairment of existing contracts when a subsequent tax law is enacted imposing a tax.

In *Barwise v. Sheppard,* 299 U.S. 33, 57 S.Ct. 70, 81 L.Ed. 23 (1936), the United States Supreme Court rejected the argument the Authorities now set forth in their petition. In that case, the tax at issue was a tax on the production of oil and was challenged by Barwise against the state of Texas. Under the prior law, only the lessee of oil-producing land was required to pay taxes on the production of oil; however, the new law required the taxes to be shared by all interested parties, including the lessor of oil-producing property, in this case, Barwise. Barwise alleged that the tax impaired the obligations of his contracts with the lessees, in which he agreed to deliver their equal portion in the pipe line of the oil produced free of cost because he no longer could do so. The Supreme Court found that although the lease may have been subordinated to the power of the State to tax the production of oil and to apportion the tax between the lessors and the lessee, the taxing act did not purport to affect any term of the lease. "Plainly no stipulation in the lease can be of any avail as against the power of the State to impose the tax, prescribe who shall be under a duty to the State to pay it, and fix the time and mode of payment." *Id.* at 40, 57 S.Ct. 70. The Supreme Court went on to explain:

> It is true that the law in force when the lease was made and for some years thereafter laid a production tax on the lessee alone, and it is equally true that under the act of 1933 a part of the tax is imposed on the lessors and the part imposed on the lessee is less than what would fall on him under the earlier law. But the State's power in the matter was in no way circumscribed by the earlier law. That law was subject to change at any time through a further exertion of the taxing power; and the lease presented no obstacle to such a change.

*Id.* at 41, 57 S.Ct. 70. It then held that Barwise's reliance on the contract clause of the Constitution was unfounded.

Similarly here, because the Commonwealth had the power to tax the Authorities, based on *Barwise,* that power does not interfere with the Authorities contract obligations with the state agencies and does not violate the contract provisions of the United States and Pennsylvania Constitutions. For this reason, I would sustain the Department's preliminary objection to Count V because the count fails to state a claim upon which relief may be granted.

Judge LEADBETTER joins.